

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __02/16/2022__

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 16, 2022

**VIA ECF**
The Honorable Barbara Moses
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312



Re:    ***Barry v. United States of America*, No. 21 Civ. 07684 (BCM)**

Dear Judge Moses:

This Office represents the United States of America (the "Government") in this action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.  On January 20, 2022, the Government filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, to transfer this action to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a) (the "Government's January 20 Motion").  *See* Dkt. No. 23, 24, 25.  The Government respectfully writes to request that discovery be stayed pending the Government's January 20 Motion.  Plaintiff consents to the request made herein.

Plaintiff commenced this action pursuant to the FTCA claiming that the United States Customs and Border Protection ("CBP") erroneously determined that he was an adult when he entered the United States at Hidalgo, Texas, and that the United States Immigration and Customs Enforcement ("ICE") unlawfully detained him at Port Isabel Detention Center ("PIDC"), an adult detention facility in Los Fresnos, Texas for four months.  *See* Dkt. No. 1 ¶¶ 1, 3, 38, 52.  Plaintiff alleges that he "suffered, inter alia, severe emotional distress, depression, anxiety and fear[.]"  *Id.* ¶ 1.  Plaintiff asserts claims for false imprisonment, intentional infliction of emotional distress, negligence, and negligence *per se* under Texas law.  *See id.* ¶¶ 61-80.

In the Government's January 20 Motion, the Government first argued that Plaintiff failed to state a claim for false imprisonment, negligence, and intentional infliction of emotional distress under Texas law.  *See* Dkt. No. 24 at 9-14, 17-20.  Second, the Government argued that the Court lacked subject matter jurisdiction over Plaintiff's negligence *per se* claim for lack of a private analog, and that even if there were a private analog, that Plaintiff's negligence *per se* claim failed to state a claim under Texas Law.  *See id.* at 14-17.  Third, the Government argued that in the alternative, the Court should transfer this case to the Southern District of Texas under 28 U.S.C. § 1404(a) because the operative facts, majority of witnesses, substantive law, and sources of proof are located in Texas.  *See id.* at 20-25.

The Government requests that discovery be stayed pending a decision on the Government's January 20 Motion. Under Rule 26(c) of the Federal Rules of Civil Procedure, a stay of discovery may be issued upon a showing of "good cause." "[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds, or, stated another way, does not appear to be without foundation in law." *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks and brackets omitted) (collecting cases). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, No. CV 2011-0622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks v. Macy's Inc.*, No. 10 Civ 5304 (BSJ) (HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).

The Government's January 20 Motion may be dispositive of this entire action, may result in the transfer of this action to a different venue, and has a sound basis in law. Moreover, discovery in this action, while the Government's January 20 Motion is pending, would likely be burdensome for the parties. It is the Government's understanding that Plaintiff intends to seek broad discovery. Plaintiff has already indicated that he expects to depose four CBP officers, two ICE officers, "[o]ther PIDC leadership and staff, including private contractors and other third parties[,]" "[o]ther national, regional, and/or local officials within the Department of Homeland Security, including CBP and/or ICE[,]" and "[a]ny other person identified based upon Plaintiff's review of automatic disclosures, written discovery, documents produced, or other deposition testimony." *See* Dkt. No. 30. The Government should not be required to engage in such broad discovery if the Government's January 20 Motion may result in the dismissal of the action, the dismissal of some of the claims in the action which may affect the scope of discovery, or the transfer of the action to a different venue. Furthermore, no prejudice would result from a stay of discovery, as Plaintiff has consented to this request. The Government therefore respectfully submits that a stay of discovery is warranted while its January 20 Motion is pending.

I thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     /s/ Elizabeth J. Kim
        ELIZABETH J. KIM
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, NY 10007
        Tel: (212) 637-2745
        Elizabeth.Kim@usdoj.gov

2

cc:    Maureen K. Schad, Esq. (via ECF)
            Sean Michael Topping, Esq. (via ECF)
            Elizabeth Mary Rieser-Murphy, Esq. (via ECF)

Application GRANTED. Discovery in this matter is STAYED pending the Court's ruling on defendant's motion to dismiss or, in the alternative, to transfer venue. (Dkt. No. 23.) Accordingly, the initial case management conference scheduled for February 23, 2022, is hereby ADJOURNED *sine die*. SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
February 16, 2022

3